UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DAVID WEBB,

    Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Defendants.

Civil Action No. SAG-21-1265

## MEMORANDUM

Plaintiff David Webb, an inmate currently incarcerated at the Maryland Correctional Institution-Hagerstown, filed the above-captioned Complaint, accompanied by a Motion for Leave to Proceed in Forma Pauperis. ECF No. 1 (Motion to Proceed in Forma Paupers at ECF No. 1, p. 2.) Because Webb appears indigent, he shall be granted leave to proceed in forma pauperis. However, for reasons stated below, the Complaint shall be dismissed.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous where "it lacks an arguable basis

either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

The Complaint alleges that in 2006 Plaintiff was called to the dispensary at Eastern Correctional Institution for a blood draw. ECF No. 1, p. 2. He found it odd that the nurse kept her back to him and had difficulty drawing his blood. *Id*. Because President Bush was in office he waited until after the election to seek aid from President Obama. *Id*.

Plaintiff wrote to President Obama and members of his administration but only heard back from the Attorney General's office. *Id*. Plaintiff states that "this ordeal" continued throughout President Obama's two terms of office. *Id*. Plaintiff also wrote to the Federal Bureau of Investigation regarding Freedom of Information Act concerns but was only provided a frequently asked questions memo in response to his inquiries. *Id*.

On one occasion President Obama "addressed a large group of soldiers, or cadets, [Plaintiff] berated him-weak and pathetic-for addressing those soldiers, after allowing himself to be procured by his predecessor as a Tom and titular commander in chief." *Id.* President Obama responded to him that, "at least in America you can talk like that to the Commander in Chief." *Id*., p. 3.

Plaintiff thought he would have better luck with President Trump and wrote to the White House and Justice Department but President Trump "did nothing to remedy the situation." *Id*., p. 3. Additionally, President Biden, as Vice-President during the Obama administration has "known of this cover-up" and has done nothing. *Id*.

Plaintiff states that his "proof and complaint against Time Warner, CBS, NBC, as well as any other corporations involved, will be presented of the implanted device and the owners of the technology." *Id*. In 2015, Plaintiff underwent surgery at the University of Maryland for injuries

sustained in a fight with other inmates. At that time rods were placed in his ankle and jaw and "the hospital may have been directed to place another device in either of those areas." *Id*., pp. 3-4.

Plaintiff further alleges that University of Baltimore School of Law may also be liable and that the Honorable Theodore D. Chuang, United States District Judge, has abetted "the cover-up" apparently because he has dismissed other cases filed by Plaintiff. *Id*., pp. 4-5.

Lastly, Plaintiff expresses his concerns regarding the Patriot Act and its enactment. *Id*., p. 5.

Because the Complaint fails to provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Webb's behalf, it shall be dismissed pursuant to § 1915(e)(2). Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

A separate order follows.

September 14, 2021                             /s/
Date                                     Stephanie A. Gallagher
                                         United States District Judge